**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **v.** | : |
| | : |
| **JARVIS JAMAL BENTON.** | : **CASE NO: 7:24-CR-25 (WLS)** |
| | : |
| **Defendant.** | : |
| _____ | : |

## ORDER

Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interests of Justice (Doc. 24) ("Motion"). Therein, Defendant requests a continuance of the trial of this matter from the Valdosta November 2024 trial term to the next Valdosta trial term. The continuance is necessary to permit Defense Counsel to discuss any potential plea negotiations with Defendant. Defense Counsel represents that the Government's Counsel does not oppose the Motion.

Defendant further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in continuing the trial **to the beginning of the next term** be excluded under the Speedy Trial Act 18 U.S.C. § 3161.

As Defense Counsel is aware, the Court may schedule multiple criminal trials during a term of Court, and thus finds that the period of delay in continuing the trial **through the conclusion of the next Valdosta trial term** is excludable under the Speedy Trial Act.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion. The Court directs Defense Counsel note the correction for future motions to continue.

speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 24) is **GRANTED** as follows:

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division February 2025 trial term **and its conclusion**, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

It is further **ORDERED**, that in the event the Defendant objects to the exclusion of the period of delay through the **conclusion** of the Valdosta Division February 2025 trial term, that he immediately advise the Court of such objection in writing.

**SO ORDERED**, this 25th day of September 2024.

/s/  W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**